Mathias, Judge, concurring.
[45] While I agree with my colleagues that Angela has designated sufficient evidence for summary judgment purposes, I write to express my reservations about the broad legal discussion that reaches this result. W & W, a sophisticated trucking company, explicitly ordered the glider kit from PACCAR without the optional rear window or backup alarm. Moreover, W & W ordered the glider kit with wiring to install a backup strobe light, but the strobe light was never installed. Thus, in my view, W & W, a sophisticated user, was well aware of any potential danger posed by PACCAR's glider kit when it assembled the semi-tractor. And on appeal, the core of PACCAR's arguments is a thinly disguised sophisticated user defense.
[46] Our court has consistently held that the question of whether or not a manufacturer has discharged its duty under the sophisticated user exception is appropriately a question for the trier of fact. See, e.g., Natural Gas Odorizing, Inc. v. Downs , 685 N.E.2d 155, 164 (Ind. Ct. App. 1997), trans. denied . Accordingly, I agree that summary judgment was inappropriate here, and the matter should be remanded to the trial court where PACCAR can appropriately make its sophisticated user argument before a jury.